IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LOUIS ROY CHAPMAN,**
        Plaintiff,

v.                                                              Civil Action No. **3:20CV292**

**FRANCIS GILLUS JORDAN,** *et al.*,
        Defendants.

## MEMORANDUM OPINION

Louis Roy Chapman, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Opinion and Order entered on April 1, 2021, the Court dismissed Chapman's Particularized Complaint pursuant to the Court's screening obligations under 28 U.S.C. §§ 1915(e)(2) and 1915A. (ECF Nos. 31, 32.)

On April 15, 2021, Chapman filed a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 38). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D.

Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Chapman does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. However, the Court construes Chapman to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.*

First, Chapman once again contends that the Court has a "pattern of bias and prejudice," and repeats a history of his many cases. (ECF No. 39, at 2–5.) The Court has already addressed these contentions and will not do so again here. Next, Chapman provides a list of what he calls "lies" that are simply repetitive allegations that the Court already addressed in the April 1, 2021 Memorandum Opinion. (*Id.* at 5–8.) A "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or prevent evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1810.1 at 127–28 (2d ed. 1995)).

Finally, Chapman takes issue with the finding that this action is malicious. Instead of identifying a clear error of law, however, he simply rehashes his argument that the undersigned is biased and has "anger and hatred toward Chapman." (*Id.* at 8.) As explained previously, the Court is charged with dismissing an action proceeding *in forma pauperis*, at any time during the course of the litigation, when it becomes clear that the action is frivolous or *malicious*. 28 U.S.C. §§ 1915A, 1915(e)(2); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993). Chapman offers no convincing reason why the action was not malicious.

Thus, Chapman fails to demonstrate that vacating the prior opinion is necessary to correct a clear error of law or prevent manifest injustice.

Because Chapman fails to identify any clear error of law in the Court's conclusions or any other ground for relief under Rule 59(e), his Rule 59(e) Motion (ECF No. 38) will be DENIED.

On April 21, 2021, the Court also received Motion for Trial by Jury. Because the action has been dismissed, the Motion for Trial by Jury (ECF No. 40) will be DENIED.

An appropriate Order shall issue.

Date: 21 October 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge